Amy M. Samberg (ASB #013874)
Melissa A. Marcus (ASB #025209)
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, Arizona  85701-1630
Telephone: 520.882.1200
Facsimile:  520.884.1294
E-Mail: asamberg@swlaw.com
         mmarcus@swlaw.com
Attorneys for Defendant Travelers Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HARVEY PROPERTY MANAGEMENT COMPANY, INC. a Maryland corporation; LYNWOOD LIMITED PARTNERSHIP T/A LYNWOOD APARTMENTS, an Arizona limited partnership; and VILLA DEL SOL LIMITED PARTNERSHIP T/A VILLA DEL SOL APARTMENTS, a Maryland limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,<br><br>Defendant. | No. 2:12-cv-01536-LOA<br><br>**DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant The Travelers Indemnity Company, a Connecticut corporation ("Travelers"), by and through its counsel undersigned, hereby responds to Plaintiffs' Complaint as follows:

**PARTIES, JURISDICTION AND VENUE**

1.   In response to Paragraph 1 of Plaintiffs' Complaint, Travelers admits the allegations upon information and belief.

2.   In response to Paragraph 2 of Plaintiffs' Complaint, Travelers admits the allegations.

15433973

3. In response to Paragraph 3 of Plaintiffs' Complaint, Travelers alleges that the allegations therein constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

4. In response to Paragraph 4 of Plaintiffs' Complaint, Travelers alleges that the allegations therein constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

5. In response to Paragraph 5 of Plaintiffs' Complaint, Travelers alleges that the allegations therein constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

## FACTUAL BACKGROUND

6. In response to Paragraph 6 of Plaintiffs' Complaint, Travelers lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

7. In response to Paragraph 7 of Plaintiffs' Complaint, Travelers admits that it issued Policy No. Y-630-0213L827-Ind-10. Travelers further states that the Policy speaks for itself and Travelers denies all allegations to the contrary.

8. In response to Paragraph 8 of Plaintiffs' Complaint, Travelers alleges that the allegations therein constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

9. In response to Paragraph 9 of Plaintiffs' Complaint, Travelers admits that it assigned an adjustor to investigate and adjust the loss. Travelers denies the remaining allegations.

10. In response to Paragraph 10 of Plaintiffs' Complaint, Travelers denies the allegations.

11. In response to Paragraph 11 of Plaintiffs' Complaint, Travelers denies the allegations. Travelers affirmatively alleges that it has paid all amounts due and owing under the Policy.

15433973

12. In response to Paragraph 12 of Plaintiffs' Complaint, Travelers admits that Plaintiffs have requested additional payments for the loss. Travelers affirmatively alleges that no additional payments are due to Plaintiffs. Travelers denies the remaining allegations.

13. In response to Paragraph 13 of Plaintiffs' Complaint, Travelers denies the allegations.

14. In response to Paragraph 14 of Plaintiffs' Complaint, Travelers denies the allegations.

15. In response to Paragraph 15 of Plaintiffs' Complaint, Travelers denies the allegations.

16. In response to Paragraph 16 of Plaintiffs' Complaint, Travelers denies the allegations.

17. In response to Paragraph 17 of Plaintiffs' Complaint, Travelers denies the allegations.

## COUNT I

## PETITION TO COMPEL APPRAISAL

18. In response to Paragraph 18 of Plaintiffs' Complaint, Travelers incorporates by reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

19. In response to Paragraph 19 of Plaintiffs' Complaint, Travelers lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

20. In response to Paragraph 20 of Plaintiffs' Complaint, Travelers alleges that the allegations therein constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

21. In response to Paragraph 21 of Plaintiffs' Complaint, Travelers admits the allegations.

15433973

- 3 -

22. In response to Paragraph 22 of Plaintiffs' Complaint, Travelers admits that Plaintiffs claim that additional amounts are due under the Policy. Travelers affirmatively alleges that no additional amounts are due to Plaintiffs. Travelers denies the remaining allegations.

23. In response to Paragraph 23 of Plaintiffs' Complaint, Travelers admits that it has made payments for the loss, and affirmatively alleges that no additional money is due and owing to Plaintiffs. Travelers denies the remaining allegations.

24. In response to Paragraph 24 of Plaintiffs' Complaint, Travelers states that the Policy speaks for itself and Travelers denies all allegations to the contrary.

25. In response to Paragraph 25 of Plaintiffs' Complaint, Travelers admits that Plaintiffs demanded an appraisal and named its appraiser on or about April 13, 2012. Travelers denies the remaining allegations.

26. In response to Paragraph 26 of Plaintiffs' Complaint, Travelers states that the Policy speaks for itself and Travelers denies all allegations to the contrary.

27. In response to Paragraph 27 of Plaintiffs' Complaint, Travelers states that the correspondence attached to Plaintiffs' Complaint as Exhibit C speaks for itself and Travelers denies all allegations to the contrary.

28. In response to Paragraph 28 of Plaintiffs' Complaint, Travelers admits that it has paid amounts due and owing for the loss and affirmatively alleges that no additional money is due and owing to Plaintiffs. Travelers denies the remaining allegations.

29. In response to Paragraph 29 of Plaintiffs' Complaint, Travelers denies the allegations.

30. In response to Paragraph 30 of Plaintiffs' Complaint, Travelers alleges that the allegations therein constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

31. In response to Paragraph 31 of Plaintiffs' Complaint, Travelers denies the allegations.

15433973

- 4 -

1    32.    In response to Paragraph 32 of Plaintiffs' Complaint, Travelers denies the
2 allegations.

## COUNT II

## BREACH OF CONTRACT

5    33.    In response to Paragraph 33 of Plaintiffs' Complaint, Travelers incorporates by reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

8    34.    In response to Paragraph 34 of Plaintiffs' Complaint, Travelers alleges that the allegations therein constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

11   35.    In response to Paragraph 35 of Plaintiffs' Complaint, Travelers denies that the damages claimed by Plaintiffs were caused by severe winds and hail.  The remaining allegations constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, Travelers denies same.

15   36.    In response to Paragraph 36 of Plaintiffs' Complaint, Travelers admits the allegations.

17   37.    In response to Paragraph 37 of Plaintiffs' Complaint, Travelers admits that it made payments for the loss at issue and affirmatively alleges that no additional money is due and owing to the Plaintiffs under the Policy.  Travelers denies the remaining allegations.

21   38.    In response to Paragraph 38 of Plaintiffs' Complaint, Travelers denies the allegations.

23   39.    In response to Paragraph 39 of Plaintiffs' Complaint, Travelers alleges that the allegations constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

26   40.    In response to Paragraph 40 of Plaintiffs' Complaint, Travelers admits that it made payments to Plaintiffs for the loss and that Plaintiffs requested additional payments

15433973

1  from Travelers.  Travelers affirmatively alleges that no such payments are due and owing
2  to Plaintiffs.  Travelers denies the remaining allegations.

3        41.    In response to Paragraph 41 of Plaintiffs' Complaint, Travelers denies the
4  allegations.

5        42.    In response to Paragraph 42 of Plaintiffs' Complaint, Travelers admits that
6  Plaintiffs demanded an appraisal.  Travelers denies the remaining allegations.

7        43.    In response to Paragraph 43 of Plaintiffs' Complaint, Travelers denies the
8  allegations.

9        44.    In response to Paragraph 44 of Plaintiffs' Complaint, Travelers denies the
10 allegations.

11       45.    In response to Paragraph 45 of Plaintiffs' Complaint, Travelers alleges that
12 the allegations constitute legal conclusions to which a response is neither necessary nor
13 appropriate and, therefore, denies same.

14       46.    In response to Paragraph 46 of Plaintiffs' Complaint, Travelers denies the
15 allegations.

16       47.    In response to Paragraph 47 of Plaintiffs' Complaint, Travelers denies the
17 allegations.

18       48.    In response to Paragraph 48 of Plaintiffs' Complaint, Travelers denies the
19 allegations.

20       49.    In response to Paragraph 49 of Plaintiffs' Complaint, Travelers denies the
21 allegations.

## COUNT III

## BREACH OF CONTRACT

### (BREACH OF OBLIGATION OF GOOD FAITH AND FAIR DEALING)

25       50.    Plaintiffs' Claim for Breach of the Obligation of Good Faith and Fair
26 Dealing is subject to Travelers' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6),
27 filed concurrently herewith.

15433973

# COUNT IV

## BREACH OF CONTRACT

### (BAD FAITH AND TORTIOUS BREACH OF CONTRACT)

51. In response to Paragraph 60 of Plaintiffs' Complaint, Travelers incorporates by reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

52. In response to Paragraph 61 of Plaintiffs' Complaint, Travelers states that the Policy speaks for itself and Travelers denies all allegations to the contrary.

53. In response to Paragraph 62 of Plaintiffs' Complaint, Travelers alleges that the allegations constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

54. In response to Paragraph 63 of Plaintiffs' Complaint, Travelers denies the allegations.

55. In response to Paragraph 64 of Plaintiffs' Complaint, Travelers denies the allegations.

56. In response to Paragraph 65 of Plaintiffs' Complaint, Travelers denies the allegations.

57. In response to Paragraph 66 of Plaintiffs' Complaint, Travelers denies the allegations.

58. In response to Paragraph 67 of Plaintiffs' Complaint, Travelers denies the allegations.

59. In response to Paragraph 68 of Plaintiffs' Complaint, Travelers denies the allegations.

60. In response to Paragraph 69 of Plaintiffs' Complaint, Travelers denies the allegations.

61. In response to Paragraph 70 of Plaintiffs' Complaint, Travelers alleges that the allegations constitute legal conclusions to which a response is neither necessary nor appropriate and, therefore, denies same.

15433973

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

## COUNT V

## REQUEST FOR DECLARATORY RELIEF

62. Plaintiffs' Claim for Declaratory Relief is subject to Travelers' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed concurrently herewith.

## AFFIRMATIVE DEFENSES

63. Plaintiffs' Complaint may be subject to dismissal for failure to state a claim upon which relief can be granted.

64. The Complaint, and each and every purported claim stated therein, is barred, in whole or in part, by the terms, conditions, definitions, limitations, and exclusions contained in the Policy issued by Travelers and/or by public policy or express provision of law.

65. The acts alleged to have been committed by Travelers were not the cause in fact, proximate cause, or legal cause of any damages alleged in the Complaint.

66. At all times mentioned in the Complaint, Travelers was asserting its legal rights under the policy issued to Plaintiffs with a good faith belief in the existence of those rights and, thus, its conduct with respect to the matters in the Complaint are privileged.

67. Plaintiffs may have failed to mitigate their damages, and all damages that may be awarded to Plaintiffs, if any, should be reduced or eliminated accordingly.

68. Plaintiffs may have failed to exercise reasonable and ordinary care, caution, and/or prudence to avoid the damages complained of in the Complaint. Thus, as a separate and affirmative defense, Travelers alleges that Plaintiffs may be comparatively at fault for the alleged damages, if any, sustained by Plaintiffs and that any damages awarded against Travelers must be reduced proportionately by the amount of fault attributable to Plaintiffs.

69. A person or entity who is a party or a non-party to this action may be wholly or partially at fault for causing the damages for which Plaintiffs seek recovery, thereby reducing or eliminating any damage owed by Travelers and the relative degrees of fault of all parties and non-parties must be apportioned as a whole at one time by the trier of fact.

15433973

- 8 -

70. Travelers reserves the right to assert additional avoidances and affirmative defenses including, without limitation, those matters set forth in Fed. R. Civ. P. 8 and 12, as discovery and investigations reveal to be applicable.

WHEREFORE, having fully answered Plaintiffs' Complaint, Travelers asks that this Court enter judgment as follows:

    a.   That the Plaintiffs' Complaint be dismissed with prejudice and that the Plaintiffs take nothing thereby; and

    b.   For such other and further relief as the Court deems just and appropriate, including an award of attorneys' fees and costs to the extent allowed by law.

DATED this 23rd day of July, 2012.

SNELL & WILMER L.L.P.

By: /s/ Melissa A. Marcus
Amy M. Samberg (#013874)
Melissa A. Marcus (#025209)
One South Church Avenue
Suite 1500
Tucson, Arizona 85701-1630
Attorneys for Travelers Indemnity Company

15433973

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of July, 2012, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Monica K. Lindstrom
8300 North Hayden Road, Suite A207
Scottsdale, Arizona 85258
Attorneys for Plaintiffs

I further certify that on July 23, 2012, I served the attached document by mail on the following:

William F. Merlin, Jr.
Merlin Law Group P.A.
777 South Harbor Island Boulevard, Suite 950
Tampa, Florida 33602
Attorneys for Plaintiffs

/s/ Bonnie Stevens

15433973