Amy M. Samberg (#013874)
Jamie L. Halavais (#029674)
SNELL & WILMER L.L.P.
One Arizona Center, Suite 1900
400 East Van Buren Street
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
Email: asamberg@swlaw.com
Email: jhalavais@swlaw.com

*Attorneys for Defendants The Travelers Indemnity Company*

Snell & Wilmer L.L.P. LAW OFFICES One Arizona Center, 400 E. Van Buren, Suite 1900 Phoenix, Arizona 85004-2202 602.382.6000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HARVEY PROPERTY MANAGEMENT COMPANY, INC. a Maryland corporation; LYNWOOD LIMITED PARTNERSHIP T/A LYNWOOD APARTMENTS, an Arizona limited partnership; and VILLA DEL SOL LIMITED PARTNERSHIP T/A VILLA DEL SOL APARTMENTS, a Maryland limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,<br><br>Defendant. | No. 2:12-cv-01536-SLG<br><br>**DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF 30(B)(6) CORPORATE REPRESENTATIVE**<br><br>**[EXPEDITED CONSIDERATION REQUESTED – ON SHORTENED TIME]** |

Defendant The Travelers Indemnity Company ("Travelers") moves this Court for the expedited entry of a protective order postponing the deposition of Travelers' 30(b)(6) corporate representative (the "30(b)(6) Deposition") until a reasonable time after the Court has ruled on Travelers' Motion for Entry of Non-Sharing Protective Order ("Non-Sharing Motion"). The 30(b)(6) Deposition is currently set for March 18, 2015; however, because the Court has not yet ruled on the Non-Sharing Motion, many of the documents about which Travelers' corporate representative would testify have not yet been produced.

Moreover, Travelers' corporate representative would unquestionably be expected to testify as to confidential topics.

As previously explained in Travelers' Response in Opposition to Plaintiffs' Motion to Compel (Doc. 201), if Travelers' 30(b)(6) corporate representative testifies on March 18 regarding confidential and proprietary information and if the Court were to then enter an order permitting a sharing protective order, Plaintiffs would be free, immediately upon entry of the order, to share that confidential and proprietary information with others before Travelers could have any opportunity to seek interlocutory relief from the order. And, once Plaintiffs disseminated that information to counsel, parties, or experts in collateral cases against Travelers, there would be no way to un-ring that bell, regardless of what relief Travelers might later obtain. Thus, the most prudent way to proceed is, as Travelers proposed, to delay the 30(b)(6) Deposition until the Court has ruled on the Non-Sharing Motion. Plaintiffs, however, have refused to do so; thus, Travelers must once again seek this Court's intervention.[1] Travelers seeks entry of a protective order on shortened time, postponing the 30(b)(6) Deposition until three weeks after the Court rules on Travelers' Non-Sharing Motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. BRIEF FACTUAL AND PROCEDURAL BACKGROUND.

This matter arises out of an October 5, 2010 hail storm in Phoenix, Arizona that caused certain damage to Plaintiffs' apartment complexes, which were insured by Travelers. Travelers and Plaintiffs have disagreed on both the cause and the amount of the loss, and Plaintiffs have alleged that Travelers breached the terms of the Policy and acted in bad faith with regard to its adjustment of the claim. Travelers denies these allegations.

On August 25, 2014, Plaintiffs served a Rule 30(b)(6) Notice of Deposition upon Travelers, requesting to depose the person(s) most knowledgeable at Travelers regarding

---

[1] Undersigned counsel certifies that counsel for Travelers has conferred in good faith with Plaintiffs' counsel in an effort to avoid seeking Court intervention, but was unable to reach agreement.

no less than 40 topics, many of which listed multiple "sub-topics," and many of which sought confidential or proprietary information. Travelers subsequently filed its Motion for Protective Order on Plaintiffs' Requests for Production and Rule 30(b)(6) Notice of Deposition (Doc. 93, the "MPO on RFPs and Topics"), which was fully briefed and was argued before this Court on January 15, 2015. On January 20, 2015, the Court issued an Order granting in part and denying in part Travelers' MPO on RFPs and Topics. Doc. 177.

As the Court is aware, the parties have long agreed that Travelers is entitled to the entry of a protective order in this case. However, Plaintiffs have proposed a protective order containing a "sharing" provision whereby Plaintiffs' counsel could unilaterally share Travelers' confidential and proprietary information and documents with "[a]ttorneys representing a plaintiff, and the experts and consultants retained by plaintiff, in other cases against [Travelers] involving claims of violation of insurance law or 'bad faith' claims handling by [Travelers]. . .." Doc. 93-1. In other words, Plaintiffs' counsel could hand out Travelers' confidential information to any attorney, expert, or consultant involved in any case against Travelers that alleges any violation of insurance law or bad faith. Accordingly, while the MPO on RFPs and Topics was pending, Travelers filed its Amended Motion for Entry of a Non-Sharing Protective Order (the "Non-Sharing Motion") on October 10, 2014. Doc. 107. That motion is now fully briefed and awaiting a ruling from the Court.

Plaintiffs have now served and filed a second Rule 30(b)(6) Notice of Deposition, which still seeks testimony regarding confidential and proprietary information. Doc. 205. The 30(b)(6) Deposition is set for March 18, 2015. On March 9, 2015, counsel for Travelers pointed out to Plaintiffs' counsel that the Court has not yet ruled on the Non-Sharing Motion and that, accordingly, Travelers has not yet produced the confidential information requested in the notice[2] and would not permit its representatives to testify

[2] It is well worth noting that Plaintiffs have filed a Motion to Compel production of confidential materials by Travelers. Doc. 181. The Court has not yet ruled on that motion either.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

regarding confidential information before an order was entered. Travelers' counsel proposed postponing the 30(b)(6) deposition for approximately a month and provided multiple alternative dates in April 2015, but Plaintiffs' counsel refused. *See id.*

## II. THE COURT SHOULD ORDER THAT THE 30(B)(6) DEPOSITION BE POSTPONED UNTIL AFTER THE COURT'S RULING ON THE NON-SHARING MOTION

As discussed in greater detail in Travelers' Non-Sharing Motion, Travelers' confidential and proprietary business information qualifies as a matter of Arizona law as a trade secret, as Travelers vigorously works to keep this information secret and gains economic advantage from its confidential and proprietary business policies and procedures. *See HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 943-44 (D. Ariz. 2013) (citing *Enter. Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144, 3 P.3d 1064, 1068 (App. 1999) (internal citations omitted)). It is Travelers' position that its trade secret information should not be subject to dissemination to parties not involved in this lawsuit. *See, e.g., In re Remington Arms, Inc.*, 952 F.2d 1029, 1033 (8th Cir. 1991) ("use of [trade secret] information should be limited to the particular lawsuit"); *Gil v. Ford Motor Co.*, No. 1:06CV122, 2007 WL 2580792, at *6 (N.D. W.Va., Sept. 4, 2007) (entering a non-sharing protective order that prevented dissemination of trade secret information outside of that litigation); *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 306 (N.D. Ill. 1993) (finding non-sharing order was appropriate for confidential trade secret information); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 425 (S.D. Ind. 2001) (mag. op.) (limiting access to State Farm's claims handling policies and procedures to parties and counsel of record for purposes of that case only); *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 417 (S.D. Ind. 2001) (limiting disclosure of trade secret information to the parties and counsel involved in that case to avoid potential danger of the defendant losing a competitive advantage). However, the Court has not yet issued an order deciding the Non-Sharing issue.

Plaintiffs' Notice of 30(b)(6) Deposition lists numerous topics and seeks documents that constitute Travelers' confidential, proprietary trade secrets, including, but

Snell & Wilmer L.L.P. LAW OFFICES One Arizona Center, 400 E. Van Buren, Suite 1900 Phoenix, Arizona 85004-2202 602.382.6000

not limited to Travelers' guidelines and procedures related to claims handling, underwriting, training, compensation and bonuses. *See* Doc. 205; *see also* Exhibits 3, 4, and 5 to Non-Sharing Motion. Thus, the 30(b)(6) Deposition will put Travelers' trade secrets into Plaintiffs' hands.

Plaintiffs are likely to point out that, while awaiting the Court's ruling on the Non-Sharing Motion, the parties have agreed to the entry of an Interim Protective Order ("Interim PO") in the form of Travelers' proposed Non-Sharing Protective Order. Accordingly, as it stands now, Plaintiffs cannot share Travelers' confidential or proprietary information.

The problem, however, is that if Travelers' corporate representative testifies regarding confidential or proprietary information on March 18 and the Court subsequently rules in favor of a sharing protective order, Plaintiffs' counsel could immediately begin to share Travelers' confidential and proprietary documents before Travelers could pursue appropriate remedies, including, but not limited to, its right to seek an interlocutory appeal of any such decision on the Non-Sharing Motion under 28 U.S.C. §1292(b). *Id.* Once that information is disseminated, there would be no way to "put the cat back in the bag," as it were. Accordingly, because Travelers has no mechanism by which it can ensure the protection of its confidential information, Travelers cannot agree to the 30(b)(6) Deposition (at least with regard to the confidential/proprietary documents and information) at this time.

## III. CONCLUSION

For the reasons set forth above, Travelers respectfully requests that the Court issue an expedited protective order on shortened time, providing that the 30(b)(6) Deposition will be postponed until three weeks after the Court rules on Travelers' Non-Sharing Motion.

RESPECTFULLY SUBMITTED this 9th day of March, 2015.

Snell & Wilmer L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

SNELL & WILMER L.L.P.

By: */s/ Jamie L. Halavais*
Amy M. Samberg
Jamie L. Halavais
One Arizona Center, Suite 1900
400 East Van Buren Street
Phoenix, Arizona 85004-2202
*Attorneys for The Travelers Indemnity Company*

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2015, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Monica K. Lindstrom
8300 North Hayden Road, Suite A207
Scottsdale, Arizona 85258
Attorneys for Plaintiff

William F. Merlin, Jr.
Merlin Law Group P.A.
777 South Harbor Island Boulevard, Suite 950
Tampa, Florida 33602
Attorneys for Plaintiff

*/s/ Veronnica Dolan*

21140886

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000