Amy M. Samberg (#013874)
**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
Telephone: 602.777.6230
Facsimile: 312.863.5099
E-Mail: asamberg@fgppr.com

G. Edward Rudloff, Jr. (Admitted *Pro Hac Vice)*
Edward P. Murphy *(*Admitted *Pro Hac Vice)*
Dianne J. Meconis (Admitted *Pro Hac Vice)*
**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
2000 Powell Street, Suite 900
Emeryville, CA 94608
Telephone: 510.740.1500
Facsimile: 510.740.1501
E-Mail: erudloff@fgppr.com
emurphy@fgppr.com
dmeconis@fgppr.com

Attorneys for Defendant The Travelers Indemnity Company

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
(602) 777-6230

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

HARVEY PROPERTY MANAGEMENT COMPANY, INC. a Maryland corporation; LYNWOOD LIMITED PARTNERSHIP T/A LYNWOOD APARTMENTS, an Arizona limited partnership; and VILLA DEL SOL LIMITED PARTNERSHIP T/A VILLA DEL SOL APARTMENTS, a Maryland limited partnership,

Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,

Defendant.

No. No. 2:12-cv-01536-SLG

**DEFENDANT'S MOTION *IN LIMINE* NO. 6 RE REFERENCES TO CLAIMS OF BIAS ON THE PART OF HAAG ENGINEERING**

Defendant The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, moves this Court to enter an order precluding Plaintiffs from arguing

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
(602) 777-6230

or presenting certain evidence at trial related to alleged bias on the part of Haag Engineering ("Haag"), which employs one of Travelers' witnesses, Matthew Sitzmann.[1] Specifically, Plaintiffs should be precluded from referring to other claims in which Haag was involved, or allegations about bias on the part of Haag related to other claims, absent evidence that Mr. Sitzmann was involved in the claims at issue.

Plaintiffs have alleged in this case that Haag is "biased and outcome oriented" and that such alleged bias extended to Mr. Sitzmann's opinions regarding and assessment of Plaintiffs' claims. Indeed, during Mr. Sitzmann's deposition, Plaintiffs' counsel made numerous references to articles about Haag, other claims and lawsuits in which Haag was involved, and unattributed statements about Haag's alleged bias. For example, Plaintiffs' counsel inquired about an article indicating that, at some point, State Farm had "placed a moratorium" on doing business with Haag after certain lawsuits were filed against State Farm related to claims from Hurricane Katrina and a set of severe storms in Oklahoma in 1999. (*See* Ex. 5 to Sitzmann Deposition [March 2015], attached here as Exhibit 1). Similarly, he inquired about a 2006 article suggesting impropriety on the part of Haag as it pertained to Hurricane Katrina claims for State Farm and Nationwide. (*See* Ex. 7 to Sitzmann Deposition [March 2015], attached here as Exhibit 2).

This sort of evidence is wholly irrelevant to the matter at hand. As an initial matter, the claims and suits described in the articles occurred over a decade ago, and involved different parties and different insurers. Most importantly, even assuming that Haag, as an organization, acted improperly with regard to such claims – and there is no evidence in this matter that it did – Plaintiffs have presented no evidence demonstrating that <u>Mr. Sitzmann</u> has previously been involved in any cases or claims in which bias or impropriety by Haag was alleged, and no evidence demonstrating that Mr. Sitzmann's assessments and opinions in this case were "biased" or "outcome oriented."

---

[1] Undersigned counsel hereby certifies, pursuant to L.R. 7.2 (*l*), that Travelers' counsel has in good faith conferred with counsel for Plaintiffs in an effort to resolve the evidentiary issues that are the subject of this motion.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
(602) 777-6230

Accordingly, testimony or argument that Haag is biased or outcome oriented based on long-concluded cases and old articles is utterly irrelevant to this matter and should be excluded on that basis alone. *See* Fed. R. Evid. 402 (irrelevant evidence inadmissible). And even if contentions about Haag's performance in other claims were somehow relevant, such evidence or argument could only serve to unfairly prejudice the jury against Mr. Sitzmann. *See* Fed. R. Evid. 403. Mr. Sitzmann is an employee of Haag, but he is not Haag. Plaintiffs should not be permitted to argue or allege that Haag is biased when there is no evidence of any bias on the part of Mr. Sitzmann. Thus, Travelers respectfully requests that the Court enter an order precluding Plaintiffs from arguing or alleging bias or other impropriety on the part of Haag based upon Haag's performance in other cases or claims.

DATED: April 19, 2016

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**

By: /s/ Amy M. Samberg
Amy M. Samberg
G. Edward Rudloff, Jr.
Edward P. Murphy

Attorneys for Defendant THE TRAVELERS INDEMNITY COMPANY

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
(602) 777-6230

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2016, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Monica K. Lindstrom
8300 North Hayden Road, Suite A207
Scottsdale, Arizona 85258
mklindstromlaw@gmail.com
Attorneys for Plaintiff

William F. Merlin, Jr.
Jean F. Niven
Shane S. Smith
Merlin Law Group P.A.
777 South Harbor Island Boulevard, Suite 950
Tampa, Florida 33602
wmerlin@merlinlawgroup.com
psanov@merlinlawgroup.com
jniven@merlinlawgroup.com
ssmith@merlinlawgroup.com
Attorneys for Plaintiff

/s/ Barbara Parker