**MONICA K. LINDSTROM**
**ATTORNEY AT LAW**
8300 N. Hayden Road, Suite A207
Scottsdale, AZ 85258
Telephone: 480-467-0380
Fax: 480-467-0383
mklindstromlaw@gmail.com
State Bar No. 019109
*Of Counsel Merlin Law Group, P.A., Counsel for Plaintiffs*

**MERLIN LAW GROUP P.A.**
**William F. Merlin, Jr.** (Florida State Bar No. 364721)
**Phillip N. Sanov** (Texas State Bar. No. 17635950)
**Jean F. Niven** (Florida State Bar No. 407607)
**Shane S. Smith** (Florida State Bar No. 0053130)
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Fax: (813) 229-3692

**POLI & BALL, P.L.C.**
**Michael N. Poli** (State Bar No. 006431)
2999 North 44th Street, Suite 500
Phoenix, AZ 85018
Telephone: (602) 840-1400
Fax: (602) 840-4411
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

HARVEY PROPERTY MANAGEMENT COMPANY, INC., a Maryland corporation; LYNWOOD LIMITED PARTNERSHIP T/A LYNWOOD APARTMENTS, an Arizona limited partnership; and VILLA DEL SOL LIMITED PARTNERSHIP T/A VILLA DEL SOL APARTMENTS, a Maryland limited partnership.

Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,

Defendant.

**CASE NO. 2:12-CV-01536-SLG**

**PLAINTIFFS' RESPONSE TO DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S MOTION *IN LIMINE* NO. 6 RE REFERENCES TO CLAIMS OF BIAS ON THE PART OF HAAG ENGINEERING**

Plaintiffs HARVEY PROPERTY MANAGEMENT COMPANY, INC., LYNWOOD APARTMENTS, and VILLA DEL SOL APARTMENTS (collectively "Plaintiffs") hereby submit their Response to Defendant THE TRAVELERS INDEMNITY COMPANY'S ("Travelers") Motion In Limine No. 6 Re References To Claims of Bias on the Part of Haag Engineering (the "Motion"). In its Motion, Travelers asks the Court to enter an order precluding Plaintiffs from arguing or alleging "bias or other impropriety" on the part of one of Travelers' expert witnesses, Matthew Sitzmann, based on events involving Mr. Sitzmann and his employer, Haag Engineering ("Haag"). In essence, Travelers asserts that evidence of Haag's bias in favor of insurers is "wholly irrelevant to the matter at hand." Motion, page 2, line 18.

As a threshold matter, Travelers' request is too broad and nonspecific for the Court to enter the order Travelers seeks prior to trial. *See, e.g.*, *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, (C.D. Cal.) (holding that motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial").

Furthermore, all relevant evidence is generally admissible. Fed. R. Evid. 402. In addition, witnesses are routinely allowed to be impeached by showing their bias. *See* Fed. R. Evid. 607; *U.S. v. Abel*, 469 U.S. 45, 51, 105 S.Ct. 465, 468 (1984)("it is permissible to impeach a witness by showing his bias under the Federal Rules of Evidence."). In this regard, the United States Supreme Court stated the following in *Abel*:

> Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.
>
> * * *
>
> **A witness' and a party's common membership in an organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias**.

*Id.* 469 U.S. at 52, 105 S.Ct. at 469 (emphasis added); *see also United States v. Hankey*, 203 F.3d 1160, 117 (9th Cir. 2000)("Evidence is relevant . . . if it has a mere tendency to impeach a witness' credibility by a showing of bias or coercion. The point of a bias inquiry is to expose to the jury the witness' special motive to lie, or personal animosity or favoritism toward the defendant.").

Evidence of bias is relevant to Federal Rules of Evidence 401 and 402. "Bias is a term used in the common law of evidence to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. Bias may be induced be a witness' like, dislike, or fear of a party, or by the witness' self-interest." *Abel*, 469 U.S. at 52; *see also Barnard v. United States*, 342 F.2d 309, 317 (9th Cir. 1965) ("Evidence tending to show a substantial reason for bias or interest in an important witness is never collateral or irrelevant."); *United States v. Manske*, 186 F.3d 770, 777 (7th Cir. 1999) ("Bias is always relevant, and parties should be granted reasonable latitude in cross-examining target witnesses."). The jury should be provided with adequate information to appraise the bias and motives of any witness. *Lewey v. Southern Pacific Transportation Co.*, 799 F.2d 1281, 1298 (9th Cir. 1986).

In that regard, Haag is a known "go-to" source of engineers and expert witnesses for insurance companies, so much so that the Texas Supreme Court stated that Haag's close ties to the insurance industry could constitute evidence of bias in some cases. *See State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448-49 (Tex. 1997).

Plaintiffs' bad faith expert, Charles Miller, has addressed in detail the bias of Haag, and the fact that Travelers has consistently retained Haag for adjusting claims. Miller report, ¶¶ 84-98 (the entirety of the Miller report was lodged as a proposed sealed document as part of Dkt. 375). The use of biased consulting firms is a mainstay of bad faith, because it permits the insurer to undervalue claims in a reliable, and yet **plausibly justifiable**, fashion. In other words, the biased consultant gives the carrier "cover" for

what it wants to do. Per Mr. Miller, Travelers has created a symbiotic relationship with Haag reflecting such "vendor bias." Travelers selects Haag, out of a great many consulting firms, because it knows that Haag will provide reports that limit the damages. Haag, on the other hand, maintains a steady stream of work by undervaluing projects. It is important that Plaintiffs' be permitted to demonstrate that Haag, despite its purportedly neutral status as an "independent contractor," actually enjoys a lengthy and profitable relationship with Travelers.

Applying Arizona law here, as we must in this diversity case, further buttressing the bias of Travelers' consulting engineer (Haag) is the fact that both that engineer and Travelers completely and utterly misused the wear and tear exclusion, and the defective workmanship exclusion, to deny coverage for the vast bulk of the damage to the roofs. Travelers (supported by Haag) concluded that the roofs did not need to be replaced because they were worn out, or the roof tiles were defective from the start, and therefore, the wear and tear and/or defective workmanship exclusions precluded coverage. But this interpretation of those exclusions would render the coverage provided under a replacement cost policy illusory, since all roofs start wearing out as soon as they are installed.

This entire position (a position that Travelers is still maintaining and, based on its proposed jury instructions, a position Travelers is intent on maintaining throughout the trial of this matter) is directly contradicted by the clear and unambiguous substantive law of Arizona. As stated by the Arizona Supreme Court *Koory v. Western Cas. & Sur. Co.*, 153 Ariz. 412, 737 P.2d 388 (1987): "The important question is not, however, whether the property was in *objectively* 'reasonable condition' at the time of loss. The question is whether the insured property was in 'reasonable condition' in comparison to its condition at the time it was insured . . . . **When an insurer agrees to insure a building against windstorm damage, the insured may assume it intended to insure the building in its current condition, even if the building is in objectively unreasonable condition**. . . .

**We reject the proposition that windstorm coverage extends only to buildings in objectively reasonable condition. Insurers are free to expressly limit coverage to buildings meeting certain structural qualifications or to inspect buildings before issuing windstorm coverage. Absent such limitations, however, a windstorm is a wind of sufficient force to proximately cause damage to the 'ordinary condition of the things insured** . . . .'" *Id.* at 415-16, 737 P.2d at 391-92 (bold type added, italics in original). *See also Monterra Apartments Ltd. Liability Partnership v Sequoia Insurance Company*, 2012 WL 827075 *2-4 (D. Ariz. 2012), a decision from another division of the District of Arizona, addressing the applicability of the wear and tear exclusion to the very same wind and hail storm that is at issue in this case. In *Monterra*, the Court decimated the same position on these exclusions that Travelers and its biased expert adopted early on here, and which they still maintain in this case. Judge Campbell in *Monterra* stated: "The policy clearly and unambiguously excludes coverage where wear and tear is the sole cause of damage. The last sentence quoted above clearly states, however, that the exclusion of coverage in Section I.B.2.1 does not apply – in other words, the policy provides coverage – where an 'excluded cause of loss' results in a 'specified cause of loss.' . . . Thus, when wear and tear contribute to damage by a hailstorm, the policy provides coverage for the hail damage."). *See also* the Travelers insurance policy at issue in this case, bates numbers TRAV-HARVEY PROP 968-69, which has policy language on the wear and tear exclusion that is **identical** to the policy language in *Monterra*. *Cf.* the similar exclusion for defective workmanship in this case, which has the same limitation discussed in *Monterra*, meaning it does not apply if there is a covered loss, such as wind or hail; that exclusion is found in the Travelers policy, at bates numbers TRAV-HARVEY PROP 969-70. The point is, Travelers wanted to misuse its exclusions to deny coverage for the bulk of this claims, and the biased expert assisted Travelers in this process.

Moreover, "[m]otions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial **unless 'the evidence is inadmissible on all potential grounds**.'" *Oracle USA, Inc. v Rimini Street, Inc.*, 2015 WL 5165374 (D. Nev.) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N .D. Ohio 2004)). In that respect, the content and scope of evidence that will be presented at trial will be affected by the testimony of the witnesses, including Mr. Sitzmann. Therefore, the Court should not enter an order categorically barring evidence concerning Mr. Sitzmann's relationship with his employer, Haag Engineering, or Haag Engineering's bias, before trial. Rather, Plaintiffs should be permitted to present such evidence and the jury may be instructed to weigh it accordingly. *See, e.g., United States v. Abonce-Barrera,* 257 F.3d 959, 965 (9th Cir. 2001) ("Generally, evidence of bias goes toward the credibility of a witness, not his competency to testify, and credibility is an issue for the jury.").

For the foregoing grounds and reasons, Travelers' Motion in Limine No. 6 should, at a minimum, be denied without prejudice, which will permit Travelers to state its objection to **specific** evidence or testimony that might be presented at trial.

DATED this 3rd day of May, 2016.

**MONICA K. LINDSTROM**

**-and-**

**MERLIN LAW GROUP, P.A.**

**-and-**

**POLI & BALL, P.L.C.**

By */s/ Michael N. Poli*
William F. Merlin, Jr.
Phillip N. Sanov
Jean F. Niven
Shane S. Smith
Michael N. Poli
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2016, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Amy M. Samberg
Foran Glennon Palandech Ponzi & Rudloff PC
1 East Washington St., Ste. 500
Phoenix, AZ 85004
Attorneys for Defendant

G. Edward Rudloff, Jr.
Edward P. Murphy
Foran Glennon Palandech Ponzi & Rudloff PC
2000 Powell Street, Suite 900
Emeryville, CA 94608
Attorneys for Defendant

*/s/ Linda Lieber*

S:\LKL\Merlin\Harvey\plead\Resp Trav MIL 6 re Haag Bias.doc