IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HARVEY PROPERTY MANAGEMENT COMPANY, INC., a Maryland corporation; LYNWOOD LIMITED PARTNERSHIP T/A LYNWOOD APARTMENTS, an Arizona limited partnership; and VILLA DEL SOL LIMITED PARTNERSHIP T/A VILLA DEL SOL APARTMENTS, a Maryland limited partnership,<br><br>                              Plaintiffs,<br>      v.<br><br>THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,<br><br>                              Defendant. | Case No. 2:12-cv-01536-SLG |

## **ORDER RE POST-TRIAL MOTIONS**

A jury trial in this matter was held in late May and early June, 2016. A Judgment in a Civil Case was entered at Docket 535 on June 24, 2016, and consistent with the jury's verdict, entered judgment in favor of Plaintiffs and against Defendant. Thereafter, both parties filed post-trial motions. Oral argument on the motions was held on September 16, 2016. This order is intended to address all pending post-trial motions.

1. *Defendant's Motion for New Trial and/or Judgment as a Matter of Law*

At Docket 549, Travelers moves for judgment as a matter of law pursuant to Civil Rule 50(b), or, in the alternative, a new trial pursuant to Civil Rule 59(a). Plaintiffs opposed at Docket 553, and Travelers replied at Docket 559.

The parties agree that under Rule 50, the Court may grant judgment as a matter of law in favor of Travelers solely if the record, as a whole, permits only one reasonable conclusion. A new trial may be granted if the verdict is contrary to the great weight of the evidence or if the trial judge concludes that allowing the verdict to stand would result in a miscarriage of justice.

Travelers' motion focuses on certain evidence at trial: Plaintiffs' expert Mr. Wright testified that winds of 71 miles per hour would be required to uplift the field tiles on the roofs and damage the underlayment, and yet, there was no meteorological evidence of winds over 65 miles per hour at the Villa Del Sol property on the day of the hailstorm.[1] Travelers maintains that these facts demonstrate that there was insufficient evidence from which a reasonable jury could conclude that the October 2010 hail storm caused damage to the underlayment of Plaintiffs' roofs.

Plaintiffs respond that their case proceeded to the jury "on two related but independent theories; first, that the hail and wind caused the thousands of lower right corner breaks to the tiles," and second, "that the wind was sufficiently strong to cause wind 'chatter' and resulting damage to the underlayment."[2] Plaintiffs argue that Travelers'

---

[1] Docket 549 at 11.

[2] Docket 553 at 3.

motion should not be granted because there was ample evidence to support Plaintiffs' first theory of the case: that the hail caused the thousands of lower right corner breaks that were depicted in multiple photographs at trial.

On this motion, and particularly as to the sufficiency of the evidence on the first theory of the broken corner tiles, the Court agrees with Plaintiffs.  The Court finds that there was substantial evidence in the record to support the jury's verdict that the October 2010 hail storm caused at least some of the many tile breaks on the roofs, and thus there was a covered loss under the policy.  The lay witness testimony summarized in Plaintiffs' opposition, together with the photographs of the roofs, are sufficient evidence to support the jury's verdict in this regard.[3]  And there was also persuasive evidence at trial that entirely new roofs would be necessary to adequately repair the roofs, due to the lack of available identical replacement tiles that would match the existing tiles.

Based on the foregoing, the motion for judgment as a matter of law will be denied. The Court also does not find that the jury's verdict is against the great weight of the evidence or that a new trial is necessary to prevent a miscarriage of justice.  Accordingly, the motion for a new trial will also be denied.[4]

### 2.   Travelers' Motion for Attorney's Fees on Plaintiffs' Bad Faith Claim

In its motion at Docket 544, Travelers' seek an award of attorney's fees from Plaintiffs in the amount of $569,847.33 that it states it incurred in prevailing on summary

---

[3]  *See* Docket 553 (Plaintiffs' Response).

[4]  *See generally Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1058-59 (9th Cir. 2003).

judgment on Plaintiffs' bad faith claim.[5]  Travelers asserts that for nearly four years the major issue in the litigation was Plaintiffs' bad faith claim.  Travelers cites to Plaintiffs' extensive discovery requests on bad faith topics, and the resultant motion practice that ensued to address discovery disputes.[6]  Travelers indicates it was also required to defend several depositions and retain its own claims handling expert all due to the bad faith claim.

Plaintiffs respond that under Arizona law, Travelers is not the prevailing party, and thus its request for fees should be denied in its entirety.  Plaintiffs assert that they were the "ultimate prevailing party" under Arizona law when the "totality of the litigation" is considered.[7]  Plaintiffs also take issue with Travelers' assertion that the discovery was predominately focused on the bad faith claim.[8]

In this diversity action, "the question of attorney's fees is governed by state law."[9] Arizona Revised Statute § 12-341.01 governs awards of attorney's fees in contract actions. It provides in part:

A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. . . .

---

[5] Docket 438.  Travelers indicates that it incurred a total of $458,219.08 on the bad faith claim alone, and an additional $111,628.25, which it indicates represents 50% of the total fees that were incurred for time spent on both the bad faith claim and the breach of contract claim.  *See* Docket 544-2 at 5-6.

[6] Docket 544 at 5.

[7] Docket 557 at 2-4, citing *Desert Mountain Properties Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 236 P.3d 421, 440 (Ariz. App. 2010).

[8] Docket 557 at 5.

[9]  *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) (quoting *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 1979)).

    B. The award of reasonable attorney fees pursuant to this section should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid.

However, § 12-341.01 does not establish a presumption that attorney's fees will be awarded in contract actions.[10] The Arizona Supreme Court has held that § 12-341.01(B) requires a court to evaluate the appropriateness of an award of fees by considering six factors. Those factors are:

    1. The merits of the claim or defense presented by the unsuccessful party;

    2. Whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;

    3. Whether assessing fees against the unsuccessful party would cause an extreme hardship;

    4. Whether the successful party did not prevail in respect to all of the relief sought;

    5. The novelty of the legal question presented and whether such claim or defense had previously been adjudicated in Arizona; and

    6. Whether the award will discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.[11]

A threshold determination to any award of attorney's fees is whether the party seeking fees is the "successful party." In order to identify a "successful party" in cases with multiple claims and counterclaims, Arizona courts look to the "percentage of success" or the "totality of the litigation."[12] The decision as to who is a successful party for purposes of awarding

---

[10] *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985).

[11] *Warner*, 694 P.2d at 1184.

[12] *Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 25 (Ariz. Ct. App. 1994).

attorney's fees is "within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it."[13]

A party need not obtain the full relief it sought to be the successful party for attorney's fee purposes.[14] But if a party is not successful on all of its claims, it should not receive all of the fees it incurred in the action. In particular, a court generally will not award fees incurred solely in pursuit of unsuccessful claims based on legal theories or facts that differ from the successful claims.[15]

Here, in considering the totality of the litigation, the Court finds that Plaintiffs, not Defendant, was the successful party. Although Defendant prevailed on Plaintiffs' bad faith claim, the Court finds that Plaintiffs were the overall successful litigants. The Court finds the factual circumstances in *Schwartz v. Farmers Insurance Company of Arizona*, 800 P.2d 20 (Ariz. App. 1990) to be quite distinguishable. For there, the case at trial was truly focused on the bad faith claim on which the defendant there prevailed, and not the $2,000 contract dispute. Here, in contrast, the dispute was not focused primarily on the bad faith claim that was resolved in Defendant's favor prior to trial. Rather, the underlying predicate to the entire action was the $3.2 million claim that was determined for Plaintiffs by the jury. Thus, Defendants' motion for attorney's fees on plaintiffs' bad faith claim will be denied.[16]

---

[13] *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994).

[14] *Id.*

[15] *Berry v. 352 E. Virginia, L. L.C.*, 261 P.3d 784, 789 (Ariz. Ct. App. 2011).

[16] The Court recognizes that in another case, it did award fees to the defendant on a bad faith claim in which summary judgment was granted to the defendant prior to trial, and then offset those fees against the fees that the Court awarded to the plaintiff on the contract claim. But upon further

3.  ***Plaintiffs' Motion for Award of Attorney's Fees and Related Non-Taxable Expenses***

In their motion at Docket 545, Plaintiffs seek an award of attorney's fees totaling $1,853,887.69, which it indicates is 33.33% of Plaintiffs' estimated gross recovery, which includes the jury verdict, prejudgment interest, and non-taxable expenses for which it seeks recovery. The amount is derived from Plaintiffs' contingent fee agreement, and is less than Plaintiffs estimate the value of the legal services they provided based on their hours expended and hourly rates.

Defendants acknowledge that a contingent fee is recoverable by the successful party in contract litigation in Arizona, but assert that the amount sought is "demonstrably inflated."[17]

The Court agrees with Defendants that the expert witness fees sought in the amount of $461,249 are not recoverable in an Arizona contract case. The case to which Plaintiffs cite to the contrary, *Levy v. Alfaro*, 160 P.3d 1201 (Ariz. 2007), was pursuant to Arizona Civil Rule 68(d) which expressly allows the trial court to award reasonable expert witness fees to an offeror, and it is not applicable.  Therefore, this amount will not be included.  Likewise, the administrative fee charged by Harvey Property Management to VDS Limited Partnership is not recoverable.[18]  Many of the other non-taxable expenses

---

consideration, the Court finds such approach is not consistent with Arizona law. *See 77th Street v. American Family Mutual Ins. Co.,* 2:12-cv-01910-PHX-SLG at Docket 243 (April 21, 2015). Rather, under Arizona law the fact that Plaintiffs did not prevail on all aspects of the case is an appropriate consideration in determining the amount of fees to award to Plaintiffs under the *Warner* factors.

[17] Docket 556 at 8.

[18] *See* Exhibit "J" (Docket 547-7).

are items that are not recoverable under Arizona law, and will not be included. However, the Court will include the amount of reasonable travel expenses and the costs of computerized legal research as permissible non-taxable costs under Arizona law, but will not add an additional 33.33% to that amount as Plaintiffs have proposed.[19] Thus, the recoverable amount of non-taxable expenses totals $119,732.

Accordingly, the estimated gross recovery for purposes of this Court's computation of the fee award would be $4,779,620, which equals the sum of $1,544,576 (Lynwood ACV); $1,685,190 (Villa del Sol ACV); $717,273 (Prejudgment interest, Lynwood); $782,581 (Prejudgment interest, Villa del Sol); and $50,000 taxable costs (estimated). One-third of this amount equals $1,593,207. When the $119,732 of non-taxable expenses are included, the maximum total fee recoverable by Plaintiffs is **$1,712,939.**

The Court has then considered the *Warner* factors in determining whether these fees should be adjusted: The Court found that Travelers' bad faith defense was successful, and thus had considerable merit. But the Court also finds that Travelers' contract defense had relatively little merit. Plaintiffs did not prevail with respect to all the relief sought; they did not prevail on their bad faith claim. The litigation could not have been avoided or settled short of trial. Assessing fees against Travelers will not cause extreme hardship. The questions presented were not novel. A fee award will not be likely to impact future litigants. Based on the foregoing factors, and particularly the fact that Travelers prevailed on the bad faith claim, the Court finds that the fee award should be adjusted downward to a total fee award of **$1,350,000.**

---

[19] See Docket 545 at 21.

4.    ***Plaintiffs' Motion for Prejudgment and Post-Judgment Interest.*[20]**

Under Arizona law, a plaintiff is entitled to prejudgment interest on liquidated claims. The Court will calculate interest beginning on the date that Travelers received the sworn proof of loss from Plaintiffs, because those estimates clearly provided "a basis for precisely calculating the amounts owed."[21]  In this regard, the Court found Plaintiffs argument as to the submissions on November 2, 2011 to be sufficient to start the clock on prejudgment interest to be persuasive.[22]  Accordingly, the Court awards prejudgment interest from November 3, 2011 in the amount of **$717,273** for Lynwood, and **$782,582** for Villa Del Sol.[23]

### 5.  Bill of Costs

Travelers' request for an award of taxable costs at Docket 543 is denied, for the same reasons that the Court has found that Plaintiffs are the prevailing party in this case.

Plaintiffs' Bill of Costs at Docket 541 is referred to the Clerk of Court for determination in the first instance pursuant to Local Rule 54.

---

[20] *See* Docket 536.

[21] *Berry v. 352 E. Virginia, L.L.C.,* 261 P.3d 784, 788 (Ariz. App. 2011).

[22] *See generally* Docket 550 at 3-6.

[23] *See* Docket 536 at 7.

### *CONCLUSION*

In light of the foregoing, IT IS ORDERED that Defendant's Motion for Judgment as a Matter of Law at Docket 549 is DENIED; Defendant's Motion for Attorney's Fees at Docket 544 is DENIED; Plaintiffs' Motion for Attorney's Fees at Docket 545 is GRANTED; Plaintiffs' Motion for Prejudgment Interest at Docket 536 is GRANTED; Defendant's Bill of Costs at Docket 543 is DENIED; and Plaintiffs' Bill of Costs at Docket 541 is DEFERRED and referred to the Clerk of Court.

IT IS FURTHER ORDERED that the Clerk of Court shall enter an Amended Judgment in this action that awards the following to Plaintiffs:

| | |
|---|---|
| Lynnwood ACV | $1,544,576 |
| Villa del Sol ACV | $1,685,190 |
| Prejudgment interest, Lynwood | $717,273 |
| Prejudgment interest, Villa del Sol | $782,582 |
| Attorney's fees and non-taxable costs | $1,350,000 |
| **TOTAL (exclusive of taxable costs)** | **$6,079,621** |

DATED this 7th day of November, 2016

                                         */s/ Sharon L. Gleason*
                                         UNITED STATES DISTRICT JUDGE